IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KAREN ELIZABETH CAMPBELL McGAGH, | * * * * * * |
| Plaintiff, | * |
|  | *   Civ. No. MJM-24-1015 |
| v. | * * |
| THE SUPREME COURT OF MARYLAND, *et al.*, | * * * |
| Defendants. | * * |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Self-represented plaintiff Karen Elizabeth Campbell McGagh brings civil suit against the Maryland Supreme Court, all seven Justices of the Maryland Supreme Court, Governor Wes Moore, and various other state officials, alleging that the court committed perjury by reinstating her criminal conviction, which had been overturned by the then-named Maryland Court of Special Appeals. Compl., ECF No. 1; Am. Compl., ECF No. 10. Pending before the Court is McGagh's Motion for a Temporary Restraining Order. ECF No. 4. No hearing is necessary to resolve the motion. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the motion is denied.

Plaintiff seeks a temporary restraining order ("TRO") to "prevent the Maryland Supreme Court from engaging in off-the-record discussions or using unofficial channels to negotiate cases." ECF No. 4 at 3. To warrant such relief, Plaintiff "must establish (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that a[] [TRO] is in the public interest."

*Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (cleaned up). "All four requirements must be satisfied." *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted) (citation omitted). McGagh's request for injunctive relief is denied because she does not satisfy all four factors.

McGagh cannot show that she is likely to succeed on the merits of her claims. It is well established that a judge, in performing his or her official functions, has absolute immunity from all litigation. *E.g.*, *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) ("Judicial immunity is strong medicine."). This absolute immunity is afforded even where an order is marred by procedural error, or a where a judge is alleged to have acted with malice or for a corrupt purpose. *See id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), and *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)). Justices of the Maryland Supreme Court are judicial officers who enjoy absolute immunity. Regarding the defendants who are not covered by judicial immunity (to the extent they are even proper defendants in this case), they are afforded sovereign immunity, which shields the state government and state officials from suit in connection to the discharge of their duties. *E.g.*, *Godwin v. Cnty. Com'rs of St. Mary's Cnty.,* 260 A.2d 295, 299 (Md. 1970). McGagh fails to identify conduct by any of the defendants that exceed their official functions. Plaintiff is thus unlikely to succeed on the merits of her claims.

McGagh's motion for a TRO may be denied based solely on her failure to show a likelihood of success on the merits of her claims, *see Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) ("*[E]ach* of these four factors must be satisfied to obtain preliminary injunctive relief."); however, the Court finds she has also failed to demonstrate other requirements for preliminary injunctive relief. First, McGagh has failed to demonstrate a likelihood of suffering irreparable harm if the relief is not granted. A movant seeking preliminary

injunctive relief must show irreparable harm that is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.*, 952 F.2d 802, 912 (4th Cir. 1991) (citation omitted). Here, McGagh fails to demonstrate any likelihood that the defendants will engage in "extrajudicial conversations" that are likely to affect her in any way. The harms she alleges are, at best, purely speculative. Lastly, McGagh has failed to demonstrate that the balance of equities is in her favor or that an injunction would be in the public interest. To the contrary, a TRO issued by a federal court that invades the inner workings of a state court and its judicial officers would subvert foundational principles of federalism, comity, and separation of powers, and interfere with the defendants' performance of their official duties, which would clearly run counter to the public interest.

Accordingly, it is hereby ORDERED that the Motion for a Temporary Restraining (ECF No. 4) is DENIED.

It is further ORDERED that the Clerk of Court TERMINATE McGagh's demand for preservation of evidence (ECF No. 5) as a motion. This demand is not directed to this Court, and the Court does not construe it as a motion or as any matter properly before this Court.

Finally, the Clerk is directed to mail a copy of this Order to the plaintiff.

It is so ORDERED this 6th day of September, 2024.

/S/
Matthew J. Maddox
United States District Judge